FILED NF,
FEB 01 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOBONITO INVESTMENTS LTD, ) <br> ) <br> Defendant. ) <br> ) | Case **05C 580** <br><br> **JUDGE ZAGEL** <br><br> MAGISTRATE SIDNEY I. SCHENKIER |

### COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), for its Complaint alleges as follows:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure temporary, preliminary, and permanent injunctive relief, restitution, recission of contracts, disgorgement and other equitable relief for Defendant's deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

3. Venue in the United States District Court for the Northern District of Illinois is proper under 15 U.S.C. § 53(b), and 28 U.S.C. § 1391(b), (d).

## PARTIES

4. Plaintiff FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including restitution for injured consumers. 15 U.S.C. § 53(b).

5. Defendant Sobonito Investments Ltd. ("Sobonito") is a company formed under the laws of Cyprus.

## COMMERCE

6. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFINITIONS

7. **"Header information"** means the source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message.

## DEFENDANT'S BUSINESS ACTIVITIES

8. Since at least October 2002, Defendant has operated Internet Web sites offering adult content. One of the main tools used by Defendant to advertise its Web sites were marketing affiliates.

9. Defendant's marketing affiliates have sent bulk commercial electronic mail messages ("spam") to consumers aimed at getting consumers to purchase Defendant's adult entertainment content. From October 2002 through October 2003, consumers forwarded tens of thousands of e-mails to the FTC's spam database at ucc@ftc.gov that were sent by Defendant's affiliates.

10. Spam sent as part of Defendant's affiliate system contained header information, including a "from" and "reply-to" line. Spam sent as part of Defendant's affiliate system also contained a "subject" line.

11. The header information and subject line appeared in a consumer's e-mail inbox upon receipt and purported to identify the sender and subject of the underlying message. The header information and subject line thus provided the basis for the consumer's decision whether to open the e-mail.

12. To induce consumers to open the spam, spam sent by some of Defendant's affiliates used subject lines that disguised the contents of the underlying message. For example, subject lines for the spam have included: "Payment declined," "Fwd: Did you hear the news?" "Re: your cell number," "I thought you called," "Re: what are you doing tonight?" "notice," and "I'm back, are you?"

13. In numerous instances, spam with the subject lines in Paragraph 12, and similar subject lines, were sexually explicit solicitations to visit Defendant's adult-oriented Web sites. Sexually explicit images were immediately viewable upon opening the message.

14. Because of the deceptive subject line, consumers had no reason to expect to see such material. Some consumers may have opened these e-mails in their offices, in violation of company policies. In other cases, children may have believed they were dealing with someone they knew and were exposed to inappropriate adult-oriented materials upon opening the e-mail. In all cases, consumers suffered other injury including annoyance and lost time spent opening a message they might otherwise delete.

15. In numerous instances, spam sent by some of Defendant's affiliates also utilized false or misleading header information. In particular, spam sent by some of Defendant's affiliates contained an e-mail address of an unrelated third-party placed in the "reply-to" or "from" line of the spam without the consent or authorization of the user of the e-mail address. The "reply-to" line of the e-mail address information indicates the e-mail address to which an e-mail would be sent if the "reply" button is clicked. Any replies sent by consumers, or any message stating that the e-mails were undeliverable, would then be sent to the third-party listed in the "reply-to" portion of the spam. Third parties unrelated to Defendant or its affiliates received thousands of e-mail messages as a result of their e-mail addresses being placed in the "reply-to" portion of Defendant's spam.

16. Innocent consumers whose e-mail addresses or domain names were placed in the "from" or "reply-to" line of Defendant's spam without their authorization may have suffered injury and damage to their computer systems from the unexpected influx of e-mail messages to them.

In addition, consumers often replied and complained about spam with "return" e-mails. As a result, consumers whose e-mail addresses or domain names were placed in the "from" or "reply-to" line of Defendant's spam without their authorization also often suffered injury to their reputations by having themselves wrongfully affiliated with the sending of bulk unsolicited e-mail.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

17. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce.

18. As set forth below, Defendant, individually or in concert with others, has violated Section 5(a) of the FTC Act in connection with the advertising, offering for sale, or selling of services over the Internet.

## COUNT I

19. In the course of advertising, offering for sale, and selling products or services through commercial bulk e-mail, in numerous instances, Defendant or some of its agents have represented, expressly or by implication, that the e-mail subject line relates to the contents of the underlying e-mail message.

20. In truth and in fact, in numerous instances, the e-mail subject line does not relate to the contents of the underlying e-mail message. Rather, in numerous instances, the contents of the underlying e-mail message contained sexually explicit images or other material that is unrelated to the subject matter identified in the subject line.

21. Therefore, Defendant's representation, as set forth in Paragraph 19, is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

22. Defendant or some of its agents have placed e-mail addresses of unrelated third-parties in the "reply-to" or "from" line of spam without the consent or authorization of the user of the e-mail address. By utilizing this false header information, Defendant caused consumers' e-mail accounts to receive unwanted e-mail messages, without consumers' consent or authorization.

23. Defendant's practice set forth in Paragraph 22 caused or was likely to cause substantial injury to consumers that was not outweighed by countervailing benefits to consumers or competition and that was not reasonably avoidable by consumers.

24. Defendant's practice as alleged in Paragraph 22 is an unfair practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

25. Defendant's violations of Section 5(a) of the FTC Act have injured, and will continue to injure consumers throughout the United States. As a result of Defendant's unfair or deceptive acts or practices, consumers have suffered substantial consumer injury. In addition, Defendant has been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

26. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other relief to prevent and remedy Defendant's violations of the FTC Act, and in the exercise of its equitable jurisdiction, to award redress to remedy the injury to consumers, to order the disgorgement of monies resulting from Defendant's unlawful acts or practices, and to order other ancillary equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, as authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1. Enter an order enjoining Defendant preliminarily and permanently from violating Section 5(a) of the FTC Act;

2. Award such relief as the Court finds necessary to redress the injury to consumers caused by Defendant's violations of the FTC Act, including, but not limited to, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains; and

3.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: February __, 2005                                        Respectfully submitted,

                                                                John D. Graubert
                                                                Acting General Counsel


                                                                /s/ Steven M. Wernikoff
                                                                Steven M. Wernikoff
                                                                Federal Trade Commission
                                                                55 East Monroe, Suite 1860
                                                                Chicago, IL 60603
                                                                Telephone: (312) 960-5634
                                                                Facsimile: (312) 960-5600