

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> SOBONITO INVESTMENTS LTD. </br></br> Defendant. | Case No. **05C 580** </br></br> **Judge James B. Zagel** </br></br> **Magistrate Judge Sidney Schenkier** |

## STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

Plaintiff Federal Trade Commission ("Commission" or "FTC") filed its complaint in this action pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant, as hereinafter defined, hereby stipulate to the entry of and request the Court to enter this Stipulated Final Judgment and Order for Permanent Injunction ("Order") to resolve all matters of dispute between them in this action.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the parties consenting hereto for purposes of this proceeding only.

2. Venue is proper as to all parties in the Northern District of Illinois under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

3. The activities of Defendant are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against Defendant under Section 5 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 45(a).

5. Defendant has entered into this Order freely and without coercion. Defendant further acknowledges that it has read the provisions of the Order and is prepared to abide by them.

6. The Plaintiff and Defendant, by and through counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order.

7. Defendant waives all rights to seek judicial review or otherwise challenge

or contest the validity of this Order. Defendant further waives and releases any claim it may have against the Commission, its employees, representatives or agents.

8. Defendant agrees that this Order does not entitle Defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendant further waives any rights to attorneys' fees that may arise under said provision of law.

9. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

10. Entry of this Order is in the public interest.

11. This Order does not constitute, and shall not be interpreted to constitute, an admission by Defendant or a finding by the Court that Defendant has engaged in any violations of law. Defendant disputes the factual and legal bases of the allegations contained in the Complaint that would entitle the Commission to injunctive relief. Nonetheless, Defendant wishes to compromise, settle, and resolve all of the matters relating to the Complaint in order to avoid the time and expense associated with litigation, without any admission of liability.

## DEFINITIONS

1. **"Defendant"** means Sobonito Investment Ltd.

2. **"Plaintiff"** means the Federal Trade Commission ("Commission").

3. **"Document"** is synonymous in meaning and equal in scope to the term, as defined in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

4. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

5. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

6. **"Header information"** means the source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message.

7. **"Commercial electronic mail message"** means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose).

8. **"Assisting and facilitating"** means providing substantial assistance or support to any third party, where the party knows or has reason to believe, that the third party is engaged in any practice that violates the FTC Act.

I.  **INJUNCTION AGAINST MISREPRESENTATIONS IN COMMERCIAL E-MAIL MESSAGES IN VIOLATION OF SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT**

**IT IS THEREFORE ORDERED** that Defendant, and its officers, agents, servants, employees, corporations, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the marketing, advertising, promotion, offering for sale, sale, or provision of any good or service, is hereby permanently restrained and enjoined from misrepresenting:

    A. that the subject line of a commercial electronic mail message relates to the contents of the underlying e-mail message;

    B. that the e-mail address of a recipient of a commercial electronic mail message will, upon request, be removed from any lists of addresses to which future e-mail solicitations will be sent;

    C. the nature, subject or source of a commercial electronic mail message; or

    D. the nature of any product or service offered or sold through a commercial electronic mail message.

II. **INJUNCTION AGAINST UTILIZING FALSE OR MISLEADING HEADER INFORMATION IN VIOLATION OF SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT**

**IT IS FURTHER ORDERED** that in connection with the advertising, promotion, offering or sale of goods or services in commerce, Defendant is hereby restrained and enjoined from placing or causing to be placed an e-mail address other than the actual sender's address in the "from" or "reply-to" lines, or in other portions of commercial electronic mail messages, without the consent or authorization of the user of the e-mail address, or assisting and facilitating the above practice.

III. **PROHIBITED BUSINESS ACTIVITIES UNDER THE CONTROLLING THE ASSAULT OF NON-SOLICITED PORNOGRAPHY AND MARKETING ACT OF 2003**

**IT IS FURTHER ORDERED** that Defendant, and its officers, agents, servants, employees, corporations, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from violating, or assisting others in violating, the provisions contained in

Sections 5 and 6 of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. §§ 7704 and 7705, as currently promulgated or as it may hereafter be amended, or any rule, regulation, or requirement adopted pursuant thereto, by, including, but not limited to initiating the transmission of:

    A.    a commercial electronic mail message, or transactional or relationship message, that contains or is accompanied by, header information that is materially false or misleading (Section 5(a)(1) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(1));

    B.    a commercial electronic mail message that contains or includes a deceptive subject heading (Section 5(a)(2) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(2));

    C.    a commercial electronic mail message that does not contain a functioning return electronic mail address or other Internet based mechanism, clearly and conspicuously displayed, that may be used to submit a request not to receive future commercial electronic mail messages from the sender (Section 5(a)(3) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(3));

    D.    a commercial electronic mail message that does not provide clear and conspicuous identification that the message is an advertisement or solicitation (Section 5(a)(5)(i) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(5)(i)); and

    E.    a commercial electronic mail message that includes sexually oriented material and: (a) fails to include in the subject heading for the electronic mail message the marks or notices prescribed by the Commission under Section 5(d) of the CAN-SPAM Act; or (b) fails to provide that the matter in the message that is initially viewable to the recipient, when the message is opened by any recipient and absent any further actions by the recipient, includes only (i) to the extent required or authorized pursuant to Section 5(d)(1)(B)(ii) of CAN-SPAM, any such marks or notices, (ii) the information required to be included in the message pursuant to Section 5(a)(5) of CAN-SPAM; and (iii) instructions on how to access, or a mechanism to access, the sexually oriented material.

## IV.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

    A.    Within fifteen (15) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; and/or appear for deposition;

    B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

        1.    obtaining discovery from any person, without further leave of court, using the procedures proscribed by Fed. R. Civ. P. 30, 31, 33, 34, 36 and 45;

        2.    posing as consumers and suppliers to Defendant and Defendant's employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice;

    *Provided* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49,

57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning or 15 U.S.C. § 45(a)(1)).

C. Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

## V. COMPLIANCE REPORTING BY DEFENDANT

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of three (3) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which any Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge;

B. One hundred eighty (180) days after the date of entry of this Order, Defendant shall each provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which the Defendant has complied and is complying with this Order. This report shall include, but not be limited to, any changes required to be reported pursuant to subsection A above; and

C. For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Federal Trade Commission
> Director, Midwest Region
> 55 East Monroe Street, Suite 1860
> Chicago, Illinois 60603
> Re: FTC v. Sobonito Investments Ltd.;

D. For purposes of the compliance reporting required by this Section, the Commission is authorized to communicate directly with Defendant, unless represented by counsel.

## VI. RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of six (6) years from the date of entry of this Order, Defendant and its agents, officers, corporations, successors, and assigns, and those persons in active concert or participation with it who receive actual

notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records relating to products or services offered or sold through commercial electronic mail messages:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaint and refund requests (whether received directly, indirectly or through any third party), and any responses to those complaints or refund requests; and

    E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials.

## VII. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order Defendant shall deliver a copy of this Order to all principals, officers, directors, managers, agents, and representatives having responsibilities with respect to the subject matter of this Order, and shall secure from each such person a signed and dated statement acknowledging receipt of the Order. Defendant shall deliver the copy of the Order to current personnel within thirty (30) days after the date of service of this Order, and to new personnel before the person assumes such position or responsibilities. Defendant shall maintain and upon request make available to the Commission for inspection and copying each such signed and dated statement for a period of three (3) years after such statement is signed.

## VIII. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days after receipt by this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## IX. MONITORING COMPLIANCE OF SALES PERSONNEL

**IT IS FURTHER ORDERED** that Defendant is hereby permanently restrained and enjoined from:

    A.    Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Sections I, II and III of this Order;

    B.    Failing to investigate promptly and fully any consumer complaint received by any business to which this Section applies; and

    C.    Failing to take corrective action with respect to any agent or independent contractor whom Defendant determines is not complying with this Order, which may include training, disciplining, and/or terminating such person.

## X. FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## XI. ENTRY OF THIS JUDGMENT

**IT IS FURTHER ORDERED** that, as there is no just reason for delay of entry of this judgment, pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter this Order immediately.

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this proceeding for all purposes.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

The parties hereby consent to entry of the foregoing Order which shall constitute a final judgment in this action. The parties further stipulate and agree that the entry of the foregoing order shall constitute a full, complete and final settlement of this action.

**STIPULATED AND AGREED AS FOLLOWS:**

FOR THE PLAINTIFF:

_____ 2/1/05
Dated

STEVEN M. WERNIKOFF, ESQ.
WILLIAM J. HODOR, ESQ.
Federal Trade Commission
55 East Monroe Street, Suite 1860

Chicago, Illinois 60603
(312) 960-5630 [Telephone]
(312) 960-5600 [Facsimile]

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

FOR THE DEFENDANT:

_____ 9-21-04
Dated

DANNY E. ADAMS, ESQ.
IRA T. KASDAN, ESQ.
Kelley Drye & Warren LLP
8000 Towers Crescent Drive,
Suite 1200
Vienna, Virginia 22182
(703) 918-2300 [Telephone]
(703) 918-2450 [Facsimile]

_____ 9/22/04
Dated

CHRISTOPHER T. SHEEAN
Kelley Drye & Warren LLP
333 West Wacker Drive, 26th Floor
Chicago, IL 60606
(312) 857-7070 [Telephone]
(312) 857-7095 [Facsimile]

Attorneys for Defendant
SOBONITO INVESTMENTS LTD.

_____ 08/31/04
Dated

on behalf of Sobonito Investments Ltd.

IT IS SO ORDERED, this  1st  day of  February , 2005

_____
United States District Judge

8